## LLEWELLYN v CINCINNATI STREET RAILWAY CO.

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5800.  Decided May 27, 1940.

John C. McCarthy, Cincinnati, for appellee.

John M. McCaslin, Cincinnati, for appellant.

## OPINION

BY THE COURT:

Principal error complained of is that the court refused to permit comment on the failure to produce an available witness.

The law undoubtedly is, that if it appears in the evidence that a litigant knows of the existence of ▮▮▮▮▮▮▮▮ a witness, and that such witness is within the control of the litigant whose interest it

would naturally be to produce him, and, without satisfactory explanation, he fails to do so, the jury may draw an inference that it would not have been favorable to him. Stocker v Boston & Maine R. R., — N. H. —, 151 Atl. 457, 70 A. L. R., 1320; 10 R. C. L. 884; 20 Am Jur 192; **17 O. Jur. 105**. And, of course, if the jury would be justified in drawing the inference, counsel would be within the limits of legitimate argument in urging them to draw it.

But for the rule to apply, it must appear that the testimony was under the control of the litigant  failing to produce it. That element is lacking in this case. All that appears is that an unnamed and unknown woman assisted the plaintiff to the sidewalk immediately after she fell or was thrown from the street car. There is no evidence that the plaintiff knew her name, her residence, or anything else about her, or had the means of ascertaining any such information. Under such circumstances, no inference can be drawn that the production or non-production of this witness was within the control of the plaintiff. No inference, therefore, could be drawn that her testimony would not have been favorable to the plaintiff.

We find no error in this record.

The judgment is affirmed.

HAMILTON, PJ., MATTHEWS & ROSS, JJ., concur.