[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant George Dimitrouleas appeals from a judgment rendered against him in the amount of $540, plus interest and costs. Dimitrouleaus contends that the trial court erred by admitting in evidence a guarantee of the lessee's obligations under the lease, purportedly signed by Dimitrouleaus, over his objections. Dimitrouleaus also contends that the trial court erred by giving effect to his guarantee, in view of a clause in the lease, to which he was not a party, providing that the lease "is the entire agreement between the parties," and that any subsequent conditions, representations, warranties, agreements, or alterations to the terms of the lease would not be valid unless in writing and signed by both parties.
We conclude that there is evidence in the record, although circumstantial, from which the trial court could find that the guarantee purportedly signed by Dimitrouleaus was authentic. We further conclude that Dimitrouleaus's guarantee was not part of the lease agreement, and was therefore not a subject of the above-referenced provision in the lease agreement. Accordingly, the judgment of the trial court is Affirmed.
 I
Plaintiff-appellee Baltes Commercial Realty and Allen P. Holt entered into a lease agreement on May 16, 1996, wherein Holt leased an apartment, in which he would reside. Baltes has offered testimony that, because of Holt's poor credit history, it would not enter into the lease without a guarantee by a creditworthy party.
Baltes has offered in evidence, over Dimitrouleas's objections, a document, purportedly signed by Dimitrouleas, in which he guaranteed Holt's performance under the lease. This document was dated May 14, 1996, two days before the execution of the lease between Baltes and Holt.
Baltes brought this action against Holt and Dimitrouleas for unpaid rent under the lease. Baltes attached a copy of the lease agreement to its complaint, but did not attach a copy of the purported guarantee by Dimitrouleas. Dimitrouleas answered the complaint, generally denying the allegations therein. Baltes moved for summary judgment, but again failed to attach a copy of, or even refer to, Dimitrouleas's purported guarantee. Dimitrouleas responded, pointing out that the complaint, and the contract of lease attached thereto, provided no basis for holding Dimitrouleas liable. Dimitrouleas therefore cross-moved for summary judgment.
In its response, Baltes finally attached Dimitrouleas's purported guarantee. The Magistrate to whom the case had been referred found that there was a genuine issue of material fact, denying both motions for summary judgment, and set the matter for hearing. In the meantime, Baltes dismissed Holt, upon whom service could not be effected.
At the hearing before the Magistrate, Dimitrouleas did not appear, but he was represented by counsel, who participated in the hearing. Dimitrouleas objected to the admission of his purported guarantee, which was offered as Baltes's Exhibit 2. The objection appeared to be based upon the fact that the document had not been properly identified, and that it had not been attached to the complaint. The objection was overruled, and Dimitrouleas's purported guarantee was admitted as evidence.
Following the hearing, the Magistrate rendered a decision in favor of Baltes. Dimitrouleas objected. The trial court overruled Dimitrouleas's objections, and rendered judgment accordingly. From the judgment of the trial court Dimitrouleas appeals.
 II
Dimitrouleas's First Assignment of Error is as follows:
 TRIAL COURT ERRED AS A MATTER OF LAW IN ALLOWING PLAINTIFF TO SUBMIT AN INADMISSABLE DOCUMENT INTO EVIDENCE.
Dimitrouleas contends that his purported guarantee, Baltes's Exhibit 2, should not have been admitted in evidence because it was not properly authenticated. A copy of this one-page document is appended to this opinion.
When the guarantee was offered in evidence, Dimitrouleas objected, and the following colloquy ensued:
MAGISTRATE: Can you state your reasons for that?
 MR. DEMARCO [Representing Dimitrouleas]: Yes, it's not been properly identified. There's an allegation that this was executed by the Defendant. It is not part of the Complaint, it is not part of the Contract, that was attached to the Complaint. The Complaint specifically says, if I may, the second paragraph, "the Defendant's owe the Plaintiff Five Hundred Forty Dollars ($540.00) according to the account or contract hereto attached and marked as Exhibit A." Exhibit A attached to the complaint are . . .
 MAGISTRATE: What have been identified as Exhibits #1 and #3 here in the trial?
MR. DEMARCO: Yes.
 MAGISTRATE: Okay. Did you wish to respond Mr. Katchman?
 MR. KATCHMAN: What is there to respond to, Your Honor. I mean we have a witness who testified that a file, she identified the file, she identified the signatures. The fact that, that one of those documents wasn't attached to the complaint, I don't understand when the, how material that is. We're at Trial, we have an opportunity to present evidence just as Mr. Demarco has evidence to testify to, bring in witnesses, possible documents, too that may not be attached to his, his responsive pleadings. That's the purpose of a Trial. I see absolutely no reason why this document should not be omitted and entered into evidence.
 MAGISTRATE: Okay. Well, at this time, the Court is going to overrule the objection and feels that the issue goes to the weight and, and not the admissibility of the document. So #1 through #3 will be admitted. Okay. * * *
Although the Magistrate did not provide any reasoning for her decision to overrule the objection at trial, in her decision she addressed the issue of the document's admissibility. She first disposed of the objection based on the fact the document had not been attached to the complaint, as required by Civ.R. 10(D). She noted that any prejudice resulting from that failure was cured when the guarantee was attached to Baltes's response to Dimitrouleas's motion for summary judgment, before trial. She noted that Dimitrouleas did not seek a continuance to conduct any additional discovery, claiming unfair surprise by the document, but elected to proceed to trial.
The Magistrate also referred to the issue of the document's authenticity. She cited both Evid.R. 901(A) and Evid.R. 902, ultimately concluding that Dimitrouleas's guarantee was self-authenticating, because it contained an acknowledgment signed by a notary public.
In the trial court's decision overruling Dimitrouleas's objections and adopting the Magistrate's decision as the judgment of the court, the trial judge briefly agreed with the Magistrate's reasoning that Dimitrouleas had not been prejudiced by the failure to attach the purported guarantee to the complaint, and then similarly overruled the objection based on the claimed lack of authentication of the document.
Dimitrouleas, in his argument on appeal, does not attack the reasoning of the trial court overruling an objection to the admissibility of the document based upon the fact that it was not attached to the complaint. However, Dimitrouleas points out that the document is not self-authenticating, because, on its face, the attesting notary's commission had expired twenty-nine years earlier. Baltes also argues that the acknowledgment is deficient in that it does not recite the fact that Dimitrouleas was under oath. We find this latter argument unpersuasive, in view of the fact that the notary was merely witnessing Dimitrouleas's signature. However, we agree with Dimitrouleas that the lapse of the notary's commission is fatal to any argument that this document was self-authenticating.
However, the Magistrate, in her decision, also referred to Evid.R. 901(A), which provides as follows:
 The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
In our view, there is evidence in the record, although circumstantial, to support a conclusion that the proported guarantee signed by Dimitrouleas is what it appears to be. As noted by the Magistrate in her decision, Jack Dozier, a maintenance supervisor for Baltes, who also resided at the apartment complex, testified that he met Dimitrouleas when Dimitrouleas helped Holt out at the commencement of the lease, and saw Dimitrouleas present at the complex to help Holt with his application.
Furthermore, a finder of fact is free to draw an inference from a party's failure to produce a witness who would presumably testify in support of a proposition of fact if it were true. "The law undoubtedly is that if it appears from the evidence that a litigant knows of the existence of a witness and such witness is within the control of the litigant whose interest it would naturally be to produce him, and without satisfactory explanation he fails to do so, the jury may draw an inference that the testimony of the witness would not have been favorable to him.Stocker v. Boston Maine Rd., 84 N.H. 377, 151 A. 457,70 A.L.R. 1320; 10 Ruling Case Law 884, Section 32; 20 American Jurisprudence 192, Section 187; 17 Ohio Jurisprudence 105, Section 84." Llewellyn v. Cincinnati Street Ry. Co. (1940),66 Ohio App. 107.
 There is a recognized legal presumption that a party will produce evidence which is favorable to him if such evidence exists and is available. It follows that the withholding or failing to produce material available evidence justifies the inference that it would be unfavorable to the party if produced. The rule is of general application but less forceful than that arising from the destruction, fabrication, or suppression of evidence important to the resolution of a factual issue.
1 Jones on Evidence 322, § 3:91.
 [I]f, on the supposition that a charge or claim is unfounded, the party against whom it is made, has evidence within his reach, by which he may repel that which is offered to his prejudice, his omission to do so supplies a strong presumption that the charge or claim is well founded; it would be contrary to every principle of reason, and to all experience of human conduct, to form any other conclusion.
1 Starkie on Evidence 487, quoted with approval in Hinshaw v.State (1897), 147 Ind. 334, at 366-367.
Dimitrouleas was never called upon, during the course of the proceedings before trial, to deny that he signed the purported guarantee. He did not appear at the trial, and did not testify. The finder of fact could reasonably infer that if Dimitrouleas had not, in fact, signed the purported guarantee, he would have appeared at the trial, and would have testified, emphatically, that that was not his signature on the document. Accordingly, we conclude that there is satisfactory proof, albeit circumstantial, in this record of the authenticity of Dimitrouleas's purported guarantee.
Dimitrouleas's First Assignment of Error is overruled.
 III
Dimitrouleas's Second Assignment of Error is as follows:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY INCORPORATING AN EXTRINSIC DOCUMENT INTO A COMPLETE AND UNAMBIGUOUS CONTRACT TO CONSTRUE ITS MEANING.
The provision in the lease upon which Dimitrouleas relies is as follows:
 This Lease is the entire agreement between the parties, there being no oral conditions, representation, warranties, or agreements. Any subsequent conditions, representations, warranties, agreements or alterations of the terms of this Lease shall not be valid unless in writing and signed by both parties.
Dimitrouleas contends that his purported guarantee could not alter the terms of the lease. We agree. The guarantee did not alter the terms of the lease. The guarantee was extrinsic to the lease, and was relied upon by Baltes in its decision to enter into the lease agreement with Holt.
Although the complaint in this case is not particularly artful, by the time of trial it became clear that Baltes was not relying upon the lease, to which Dimitrouleas was not a party, but upon Dimitrouleas's guarantee of Holt's obligations under the lease.
Dimitrouleas's Second Assignment of Error is overruled.
 IV
Both of Dimitrouleas's assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF J., concurs.